UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

CLARA DENISE WEST, )
)
    Plaintiff, )
)
vs. ) Civil Action No. CV-02-S-1683-NE
)
LES BROWNLEE, Acting )
Secretary of the Army, )
)
    Defendant.

FILED
04 MAY -5 PH 2: 45
...D. OF ALABAMA

MAY 0 5 2004

## MEMORANDUM OPINION

This action is before the court on the motion for summary judgment filed by defendant, Les Brownlee, Acting Secretary of the Army[1] (doc. no. 8). Plaintiff, an African-American female, alleges that she experienced race and gender discrimination when defendant failed to select her for two positions as a supervisory general engineer. Plaintiff further alleges retaliation. Defendant moves for summary judgment on all claims. For the following reasons, the motion is due to be granted.

## I. SUMMARY JUDGMENT STANDARD

Federal Rule of Civil Procedure 56(c) provides, in part, that summary judgment not only is proper, but also that it "shall be rendered forthwith if the pleadings,

---

[1]The complaint named Thomas White, Secretary of the Army, as the defendant. Since the filing of the complaint, White has been replaced by Les Brownlee as Acting Secretary of the Army. By rule, Brownlee was automatically substituted for White. *See* Fed. R. Civ. P. 25(d)(1).



UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

FILED

04 MAY -5 PM 2:45

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | | |
|---|---|---|
| CLARA DENISE WEST, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. CV-02-S-1683-NE |
| | ) | |
| LES BROWNLEE, Acting | ) | |
| Secretary of the Army, | ) | |
| | ) | |
| Defendant. | | |

## MEMORANDUM OPINION

This action is before the court on the motion for summary judgment filed by defendant, Les Brownlee, Acting Secretary of the Army[1] (doc. no. 8).  Plaintiff, an African-American female, alleges that she experienced race and gender discrimination when defendant failed to select her for two positions as a supervisory general engineer. Plaintiff further alleges retaliation. Defendant moves for summary judgment on all claims. For the following reasons, the motion is due to be granted.

### I. SUMMARY JUDGMENT STANDARD

Federal Rule of Civil Procedure 56(c) provides, in part, that summary judgment not only is proper, but also that it "shall be rendered forthwith if the pleadings,

---

[1]The complaint named Thomas White, Secretary of the Army, as the defendant.  Since the filing of the complaint, White has been replaced by Les Brownlee as Acting Secretary of the Army. By rule, Brownlee was automatically substituted for White.  *See* Fed. R. Civ. P. 25(d)(1).

depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). Thus, "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986).

> In making this determination, the court must review all evidence and make all reasonable inferences in favor of the party opposing summary judgment.
>
> The mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case. The relevant rules of substantive law dictate the materiality of a disputed fact. A genuine issue of material fact does not exist unless there is sufficient evidence favoring the nonmoving party for a reasonable jury to return a verdict in its favor.

*Chapman v. AI Transport*, 229 F.3d 1012, 1023 (11th Cir. 2000) (en banc) (quoting *Haves v. City of Miami*, 52 F.3d 918, 921 (11th Cir. 1995)); *see also United States v. Four Parcels of Real Property*, 941 F.2d 1428, 1437 (11th Cir. 1991) (en banc). The motion pierces the pleadings, and "strikes at the heart of the claim. In effect it argues that as a matter of law upon admitted or established facts the moving party is entitled

to prevail." Charles Alan Wright, *The Law of Federal Courts* § 99, at 705 (5th ed. 1994).

## II. FACTUAL BACKGROUND

Plaintiff is employed at the United States Army Aviation and Missile Command ("AMCOM") at Redstone Arsenal.[2]  In October 1999, plaintiff began applying for two job positions outside the organizational office to which she was assigned.[3]  In response to defendant's motion for summary judgment, plaintiff now only challenges the denial of promotions for two positions selected by Robert Szerzynski, and is abandoning her claims regarding other positions.[4]

Szerzynski, the Product Manager of the Arrow Project Office, selected Mr. Sam D. Lail (Caucasian male) for the position of Chief of the Test Division.[5] Rodderick Eddleman, the Deputy Project Manager, assisted in the rating of the applicants, but was not a selecting official.[6]  Duties of the position included, among

---

[2]*See* Complaint at ¶ 3 (doc. no. 1).

[3]*See id.* at ¶ 16.  *See also* Defendant's Evidentiary Submission, Exhibits 5 and 6 (job applications) (doc. no. 11). Although plaintiff's complaint indicates she began applying for positions in November 1999, her job applications contained in Defendant's Exhibits 5 and 6 indicate her applications were signed in October of 1999.

[4]*See* Plaintiff's Brief in Opposition to Defendant's Motion for Summary Judgment at n.2 (doc no. 14).

[5]*See* Defendant's Evidentiary Submission, Exhibit 7 (Szerzynski Declaration) and Exhibit 8 (Job Opportunity Announcement).

[6]*See* Szerzynski Declaration at ¶ 3, attached as Exhibit 7 to Defendant's Evidentiary Submission.

other things, serving as Chief, Test Division of the Arrow Project management office of the Program Executive Office, Air and Missile Defense (PEO AMD), with the responsibility for supervising engineers and support personnel engaged in planning, coordinating, reviewing, supporting and evaluating a broad program of development, and testing, as well as evaluation activities related to advance interceptor technologies for theater ballistic missile and long range aircraft defense.[7]

Szerzynski submits that he selected Sam Lail because Lail possessed job-related Level II certification in Program Management, and Level III certification in Test Evaluation.[8] Additionally, Lail had completed relevant supervisory training, and possessed supervisory experience that included Organizational Leadership for Executives, Army Management and Staff College, Supervisor and Manager Development Courses, and the Harvard University Executive Leadership Program.[9] Lail possessed a bachelor's degree in engineering, and a master's degree in business.[10]   Lail also had years of Tactical Ballistic Missile experience and supervisory experience at various levels.[11]

---

[7]*See* Defendant's Evidentiary Submission, Exhibit 8 (Job Opportunity Announcement).

[8]*See* Szerzynski Declaration at ¶ 4, attached as Exhibit 7 to Defendant's Evidentiary Submission.

[9]*See id.*

[10]*See id.*

[11]*See id.*

4

Plaintiff had no supervisory experience, and very little, if any, experience in Tactical Ballistic Missile testing.[12]  Plaintiff had no leadership training and no supervisory or team leader experience.[13]  Szerzynski tried to contact plaintiff on several occasions to arrange an interview, but was unsuccessful.[14]  Szerzynski explained that the interviews only confirmed information that was present in the applications.[15]

The second promotional opportunity was for Chief, Missile Systems Division of the Arrow Product Office of PEO AMD, with responsibility for supervising engineers and support personnel engaged in planning, coordinating, reviewing, supporting, and evaluating a broad program of activities to identify, analyze, evaluate, and integrate advance interceptor technologies for theater ballistic missile and long-range aircraft defense.[16]  Szerzynski interviewed approximately six candidates, but not the plaintiff.[17]  Szerzynski initially selected Ronald Strickland (Caucasian male),

---

[12]*See id.*

[13]*See id.*

[14]*See id.* at ¶ 2.

[15]*See id.*

[16]*See* Defendant's Evidentiary Submission, Exhibit 9 (Job Opportunity Announcement).

[17]*See* Szerzynski Declaration at ¶ 2, attached as Exhibit 7 to Defendant's Evidentiary Submission.  Szerzynski testified during his deposition that he and his secretary called the phone number listed on plaintiff's application and left messages that were not returned.  *See* Szerzynski Depo. at 12, attached as Exhibit 3 to Defendant's Evidentiary Submission.  Defendant's brief asserts, without citation to the record that "Mr. Szerzynski interviewed five candidates but Mr. Szerzynski did not interview Dr. West because he did not think that she was as qualified as those interviewed."  Defendant's Brief in Support of Summary Judgment at 4 (doc. no. 9).  A review of

because he had more Tactical Ballistic Missile ("TBM") experience, international program experience with an Israeli program, and supervisory experience.[18] Strickland declined the position, however.

Szerzynski next selected Jewell Schumacher (Caucasian female), because she possessed the required training and certification, a Master's Degree in Engineering, experience in Systems Engineering with multiple supervisory experience, international program experience with an Israeli program, and over five years of TBM experience.[19] Plaintiff had not completed any relevant management or leadership training course, and lacked experience in Systems Engineering.[20] According to Szerzynski, plaintiff's application package did not show results or accomplishments or supervisory experience.[21]

## III. DISCUSSION

### A.   Discrimination Claims

When evaluating employment discrimination claims supported by

---

plaintiff's evidentiary submission reveals that Szerzynski gave somewhat conflicting testimony during the administrative hearing, indicating that he did not interview plaintiff because she was much less qualified than the other applicants who received interviews. *See* Exhibit 2 at 84-85, attached to Plaintiff's Evidentiary Submission.

[18]*See* Szerzynski declaration at ¶ 5, attached as exhibit 7 to Defendant's Evidentiary Submission (doc. no. 11).

[19]*See id.*

[20]*See id.*

[21]*See id.*

circumstantial evidence, courts are guided by the now familiar analytical framework

that the Supreme Court announced in *McDonnell Douglas Corp. v. Green*, 411 U.S.

792, 93 S. Ct 1817, 36 L. Ed. 2d 668 (1973), and then elaborated in *Texas*

*Department of Community Affairs v. Burdine*, 450 U.S. 248, 101 S. Ct. 1089, 67 L.

Ed. 2d 207 (1981). *See also St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 113 S.

Ct. 2742, 125 L. Ed. 2d 407(1993). *Cf. Reeves v. Sanderson Plumbing Products, Inc.*,

530 U.S. 133, 141-42, 120 S. Ct. 2097, 2105, 147 L. Ed. 2d 105 (2000).  Under that

framework, the plaintiff bears the initial burden of establishing a *prima facie* case of

an employer's intent to discriminate on the basis of race or some other prohibited

characteristic.

A plaintiff establishes a *prima facie* case of discrimination for a failure to

promote her by showing:  (1) she is a member of a protected group; (2) she applied

for, and was qualified to fill, a position for which the defendant was accepting

applications; (3) despite her qualifications, she was rejected for the position; and (4)

after her rejection, the position *either* remained open and the employer continued to

seek applications from persons with plaintiff's qualifications, *or* the employer filled

the position with a person outside plaintiff's protected class. *See, e.g., Walker v.*

*Mortham*, 158 F.3d 1177, 1179 n.2, 1185-93 (11th Cir. 1998) (explaining that a

plaintiff need not introduce evidence of the relative qualification of the person hired

instead of plaintiff as part of his prima facie case for failure to promote); *Crawford v. Western Electric Company, Inc.*, 614 F.2d 1300, 1315 (5th Cir. 1980).[22]

"Establishment of the *prima facie* case in effect creates a presumption that the employer unlawfully discriminated against the employee." *Burdine*, 450 U.S. at 254, 101 S. Ct. at 1094. "The effect of the presumption of discrimination created by establishment of the *prima facie* case is to shift to the employer the burden of producing legitimate, non-discriminatory reasons for the challenged employment action." *Combs v. Plantation Patterns*, 106 F.3d 1519, 1528 (11th Cir. 1997) (citing *McDonnell Douglas*, 411 U.S. at 802, 93 S. Ct. at 1824; *Burdine*, 450 U.S. at 254, 101 S. Ct. at 1094).

The employer's burden at the second stage of analysis "is one of production, not persuasion; it 'can involve no credibility assessment.'" *Reeves*, 530 U.S. at 142, 120 S. Ct. at 2106 (quoting *Hicks*, 509 U.S. at 509, 113 S. Ct. at 2748). "To satisfy that burden of production, '[t]he defendant need not persuade the court that it was actually motivated by the proffered reasons.  It is sufficient if the defendant's evidence raises a genuine issue of fact as to whether it discriminated against the plaintiff.'" *Combs*, 106 F.3d at 1528 (quoting *Burdine*, 450 U.S. at 254-55, 101 S.

---

[22]In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions handed down prior to the close of business on September 30, 1981.

Ct. at 1094 (citation and footnote omitted)). Indeed, "the employer need only produce admissible evidence which would allow the trier of fact rationally to conclude that the employment decision had not been motivated by discriminatory animus." *Burdine*, 450 U.S. at 257, 101 S. Ct. at 1096. If a defendant carries its burden of producing "admissible evidence which would allow the trier of fact rationally to conclude that the employment decision had not been motivated by discriminatory animus," *Burdine*, 450 U.S. at 257, 101 S. Ct. at 1096, then the "rebuttable presumption" of discrimination created by the demonstration of a *prima facie* case[23] is refuted, "drops from the case," and "the factual inquiry proceeds to a new level of specificity." *Id.* at 255 & n.10, 101 S. Ct. at 1094-95 & n.10.

In this final step of the analytical process, the plaintiff must be afforded the opportunity to "come forward with evidence, including the previously produced evidence establishing the *prima facie* case, sufficient to permit a reasonable factfinder to conclude that the reasons given by the employer were not the real reasons for the adverse employment decision." *Combs*, 106 F.3d at 1528 (citing *Burdine*, 450 U.S. at 256, 101 S. Ct. at 1095; *McDonnell Douglas*, 411 U.S. at 804, 93 S. Ct. at 1825). The plaintiff's burden at this step of the analysis is that of "cast[ing] sufficient doubt

---

[23]*See Burdine*, 450 U.S. at 254 n.7, 101 S. Ct. 1094 n.7 (explaining that, in the *McDonnell Douglas* context, the phrase "*prima facie* case" is used to "denote the establishment of a legally mandatory, rebuttable presumption. . . .").

9

on the defendant's proffered nondiscriminatory reasons to permit a reasonable factfinder to conclude that the employer's proffered 'legitimate reasons were not what actually motivated its conduct' . . . ." *Combs*, 106 F.3d at 1538 (quoting *Cooper-Houston v. Southern Railway Co.*, 37 F.3d 603, 605 (11th Cir. 1994)); *see also Chapman v. AI Transport*, 229 F.3d 1012, 1024-25 (11th Cir. 2000) (*en banc*). The plaintiff shoulders that burden by demonstrating "such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could find them unworthy of credence." *Combs*, 106 F.3d at 1538 (quoting *Sheridan v. E.I. DuPont de Nemours & Company*, 100 F.3d 1061, 1072 (3d Cir. 1996)) (internal quotation marks omitted).

In summary, "once a plaintiff has established a *prima facie* case *and* has put on sufficient evidence to allow a factfinder to disbelieve an employer's proffered explanation for its actions, that alone is enough to preclude entry of [summary judgment under Rule 56, or] judgment as a matter of law [under Rule 50]." *Combs*, 106 F.2d at 1532 (emphasis supplied). Stated somewhat differently, "evidence of pretext, *when added to* [the plaintiff's evidence of] a *prima facie* case, is sufficient to create a genuine issue of material fact that precludes summary judgment." *Id.* at 1531 (emphasis supplied) (citing *Batey v. Stone*, 24 F.3d 1330, 1335-36 (11th Cir. 1994)); *see also Cooper-Houston v. Southern Railway Co.*, 37 F.3d 603, 605 (11th

Cir. 1994) (holding that once a plaintiff has established a *prima facie* case and produced sufficient evidence to permit a reasonable factfinder to disbelieve the employer's proffered explanation for its actions, that precludes summary judgment); *Howard v. BP Oil Co.*, 32 F.3d 520, 525 (11th Cir. 1994) (same).

In most cases, "it is the *employer* who initially presents evidence of relative qualifications, not the employee." *Walker v. Mortham*, 158 F.3d at 1190 (emphasis in original). When an employer offers as its reason for *not* promoting a plaintiff the assertion that the person who *was* promoted was "more qualified," that allegation casts upon plaintiff the burden to demonstrate that the stated reason is pretextual.

> [A plaintiff] cannot . . . establish pretext simply by showing that she is more qualified than [the person who was selected]. *See Lee v. GTE Fla., Inc.*, 226 F.3d 1249, 1253 (11th Cir.2000). Rather, [the plaintiff] must adduce evidence that the disparity in qualifications is "so apparent as virtually to jump off the page and slap you in the face." *Denney v. City of Albany*, 247 F.3d 1172, 1187 (11th Cir.2001); *Lee*, 226 F.3d at 1254; *Alexander v. Fulton County, Ga.*, 207 F.3d 1303, 1340 (11th. Cir.2000) (all quoting *Deines v. Texas Dep't of Protective & Regulatory Serv.*, 164 F.3d 277, 280 (5th Cir.1999)). The relevant inquiry for us, then, is not to judge which employee was more qualified, but to determine whether any disparity between [the qualifications of the person who *was* selected] and [the plaintiff's] qualifications is so great that a reasonable fact-finder could infer that [the defendant] did not believe [the person who *was* selected] to be better qualified.

*Cofield v. Goldkist, Inc.*, 267 F.3d 1264, 1268 (11th Cir. 2001) (citations omitted).

### 1.    Race discrimination claims

Defendant moves for summary judgment arguing that it is undisputed that neither Eddleman nor Szerzynski was aware of plaintiff's race when the selections were made.  Eddleman and Szerzynski testified that they did not know plaintiff prior to her application.[24]   Further, plaintiff was not interviewed for either position. Plaintiff testified that she did not know who the selecting official was, and had never met the selecting official for the positions until the EEO investigation occurred.[25] Plaintiff also testified and acknowledged that the application did not ask for her race.[26]   Thus, according to defendant, summary judgment is appropriate when the evidence reveals that the decision-maker did not know the applicant's race.  *See Robinson v. Adams*, 847 F.2d 1315, 1317 (9th Cir. 1987).  *Cf. Lubetsky v. Applied Card Systems, Inc.*, 296 F.3d 1301, 1306 (11th Cir. 2002) (holding that an employer cannot discriminate against an employee based upon the employee's religion unless employer knows employee's religion); *Tillery v. ATSI, Inc.*, 242 F. Supp. 2d 1051, 1060-61 (N.D. Ala. 2003) (noting that when a plaintiff alleges she was subjected to disparate treatment because of her religious beliefs, she must establish that "the person who made the decision to impose the adverse employment action upon

---

[24]*See* Eddleman depo. at 7, attached as Exhibit 15 to Defendant's Evidentiary Submission (doc. no. 11); Szerzynski depo. at 8, attached as Exhibit 3 to Defendant's Evidentiary Submission.

[25]*See* West depo. at 12-13, attached as Exhibit 2 to Defendant's Evidentiary Submission.

[26]*See id.* at 12.

plaintiff was aware of her religious beliefs").

Plaintiff offers no evidence to challenge this argument in her brief opposing summary judgment. Thus, plaintiff fails to establish a prima facie case of race discrimination due to the undisputed fact that defendant did not know plaintiff's race when she applied. *See Robinson*, 847 F.2d at 1317.

Defendant also argues that plaintiff cannot show that its stated reasons for selecting Lail and Schumacher were pretextual. Plaintiff responds by making very broad allegations, *i.e.*, (1) "others have noted that plaintiff had a widely known reputation as an opponent of unlawful discrimination throughout the Arsenal";[27] and (2) that her supervisor, Michael T. McFalls, indicated that he received feedback that plaintiff had been blacklisted.[28] Plaintiff's allegations are so broad and unspecific as to time that they are insufficient to defeat defendant's motion for summary judgment. Much of plaintiff's protestations concern issues and events outside the two positions that are involved in the present lawsuit. For example, plaintiff attempts to make much of her widely-known leadership position with the Redstone Arsenal Minority Employees Association (RAMEA), an organization which plaintiff concedes was

---

[27]*See* Plaintiff's Brief in Opposition to Defendant's Motion for Summary Judgment at 4 (doc. no. 14).

[28]*See id*. at 2. Plaintiff also concedes in her brief that this allegation about being blacklisted relates to another civil action, CV-01-B-3312-NE, which recently was dismissed on summary judgment by another district judge.

formed *after* her applications that are the subject of the present lawsuit.[29]

Plaintiff also attempts to challenge the credibility of the selecting official, Robert Szerzynski.[30]  In doing so, however, plaintiff attaches excerpts from the administrative record where Szerzynski demonstrates confusion as to whether and how many people he interviewed for the positions at issue.[31] The evidence submitted by plaintiff does not discredit Szerzynski, and at most shows confusion regarding which question he was answering as they were being posed directly by  plaintiff during the administrative hearing.[32]  Further, any discrepancy between the two reasons provided by Szerzynski as to why plaintiff was not interviewed (unavailability or lack of qualifications) does not negate or raise a fact dispute regarding the reasons Szerzynski ultimately selected Lail and Schumacher.  Only pointing to Szerzynski's confusion or inconsistency as to why plaintiff was not

---

[29]*See* Plaintiff's Brief in Opposition to Defendant's Motion for Summary Judgment at 3.

[30]Plaintiff states in her brief in opposition to summary judgment that she is no longer pursuing her claims against the other selecting officials, but instead is focusing her allegations of discrimination on Mr. Szerzynski.  *See* Plaintiff's Brief, n.2 (doc. no. 14).

[31]*See* Exhibits 1 and 2 attached to Plaintiff's Evidentiary Submission (doc. no. 13).

[32]For example, one such exchange appears as follows:

MR. SZERSZYNSKI:  Okay.  I'm sorry; I did interview some people for the systems job.  I misspoke, I'm sorry.  I'm confused here because of the two announcements here and we keep talking and going back and forth.  Yes, I did interview people for the systems job.  And, no, I did not consider interviewing you for the systems job because of how far down on the list you would have been.  There were many more qualified candidates —

Exhibit 2 at 84-85, attached to Plaintiff's Evidentiary Submission.

interviewed will not, by itself, establish pretext.  Plaintiff fails to point to any discrepancy as to the stated reason for not selecting her for the two positions.

Accordingly, defendant's motion for summary judgment on the race discrimination claims is due to be granted.

### 2.    Gender discrimination claims

#### a.    Position one: Chief of the Test Division

Defendant moves for summary judgment arguing that plaintiff cannot show that the decision to hire Lail for position one was a pretext for gender discrimination. Defendant explained that the decision to hire Lail was based on his supervisory training and experience.  Contrastingly, plaintiff had no supervisory experience and no training in leadership or management.  Defendant also preferred Lail's educational background — a bachelor's degree in Engineering, a master's degree in Business, and a graduate of Harvard University Executive School.  While both plaintiff and Lail had solid test experience, Lail had over ten years of Tactical Ballistic Missile ("TBM") testing experience, while plaintiff had very little (if any) TBM experience.

Plaintiff's arguments in opposition to summary judgment are so conclusory and speculative that it is at times difficult to discern the nature of her complaint against the selection of Lail for position one.  To the extent she questions Lail's qualifications, she has failed to demonstrate the decision was pretextual.

When a plaintiff asserts that she was more qualified than the person actually hired or promoted, the question is not "whether the employer selected the 'most' qualified candidate, but only whether it selected the candidate based on an unlawful motive." *Denny v. City of Albany*, 247 F.3d 1172, 1188 (11th Cir. 2001). Indeed, within the Eleventh Circuit, the standard for addressing relative qualifications requires a plaintiff to prove that she was "substantially more qualified than the person promoted" in order to establish pretext. *Lee v. GTE Florida*, 226 F.3d at 1255, *cert. denied*, 532 U.S. 958, 121 S. Ct. 1486, 149 L. Ed. 2d 374 (2001). The *Lee* Court explained that "disparities in qualification are not enough in and of themselves to demonstrate discriminatory intent *unless those disparities are so apparent as virtually to jump off the page and slap you in the face.*" *Id*. at 1254 (quoting *Deines v. Texas Department of Protective and Regulatory Services*, 164 F.3d 277, 280 (5th Cir. 1999)). As the Middle District of Alabama recently observed in *Norrell v. Waste Away Group, Inc.*, 246 F. Supp. 2d 1213 (M.D. Ala. 2003),

> [t]his high standard for establishing discrimination based on the relative qualifications of the competitors for a promotion serves the purpose of keeping the federal courts from second-guessing decisions made by employers in the course of their business. As the Eleventh Circuit explained in *Damon v. Fleming Supermarkets of Florida, Inc.*, 196 F.3d 1354, 1361 (11th Cir. 1999), federal courts "are not in the business of adjudging whether employment decisions are prudent or fair. Instead, our sole concern is whether unlawful discriminatory animus motivated a challenged employment decision." *See Deines*, 164 F.3d at

> 281 (explaining that "it is not the function of the jury to scrutinize the
> employer's judgment as to who is best qualified to fill the position. . . .
> The single issue for the trier of fact is whether the employer's selection
> of a particular applicant over the plaintiff was motivated by
> discrimination.").

*Norrell*, 246 F. Supp. 2d at 1223 n.12.  The Eleventh Circuit further explained in *Lee*

*v. GTE Florida* as follows:

> Nevertheless, evidence showing an employer hired a less qualified
> applicant over the plaintiff may be probative of whether the employer's
> proffered reason for not promoting the plaintiff was pretextual.  *See*
> *Alexander*, 207 F.3d at 1340; *see also Walker v. Mortham*, 158 F.3d
> 1177, 1190 (11th Cir.1998), *cert. denied*, 528 U.S. 809,  120 S. Ct. 39,
> 145 L. Ed. 2d 36 (1999) ("'The fact that a court may think that the
> employer misjudged the qualifications of the applicants does not in itself
> expose him to Title VII liability, although this may be probative of
> whether the employer's reasons are pretexts for discrimination'")
> (quoting *Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248,
> 258-59, 101 S. Ct. 1089, 1096-97, 67 L. Ed. 2d 207 (1981)).

*Lee v. GTE Florida*, 226 F.3d at 1253-54.

The court sees no disparity in the relative qualifications of Lail and plaintiff to

call into question the decision to select Lail.

To the extent plaintiff is rearguing her broad allegations that Szerzynski is not

credible, the evidence submitted by plaintiff fails to indicate that his stated reasons

for selecting Lail are unworthy of belief.  Plaintiff has failed to establish that any

reputation she has gained as a civil rights advocate affected the decision to hire Lail.

Finally, plaintiff has failed to meet her burden of establishing that the decision to hire

Lail was based on anything but Lail's superior qualifications.   Thus, summary judgment on the gender discrimination claim arising from position one is due to be granted.

### b.   Position two: Chief of the Missiles Systems Division

Defendant argues that summary judgment also is appropriate as to position two because plaintiff cannot establish a prima facie case due to the fact that a female was ultimately selected for the position.   Plaintiff acknowledges that her gender discrimination claim "suffers" from the selection of another female, Ms. Schumacher, for the position of Chief, Missile Systems Division.[33]   The analysis, however, is not that simplistic.

"The fact that a member of the protected class received the job in question does not necessarily mean that there is no Title VII violation." *Cox v. American Cast Iron Pipe Co.*, 784 F.2d 1546, 1560 (11th Cir. 1986). *See also Hawkins v. Ceco Corp.*, 883 F.2d 977, 984 (11th Cir. 1989); *Nix v. WLCY Radio/Rahall Communications*, 738 F.2d 1181, 1185 (11th Cir. 1984); *Howard v. Roadway Express, Inc.*, 726 F.2d 1529, 1534-35 (11th Cir. 1984). *Cf. O'Connor v. Consolidated Coin Caterers Corp.*, 517 U.S. 308, 312, 116 S. Ct. 1307, 1310, 134 L. Ed. 2d 433 (1996) (noting in a case under the ADEA, "The fact that one person in the protected class has lost out to

---

[33]*See* Plaintiff's Brief in Opposition at 8.

another person in the protected class is . . . irrelevant, so long as he has lost out

*because of his age.*" (emphasis in original)).  For example:

> An employer may fire a woman who makes a single mistake (while
> retaining men who make numerous similar mistakes), yet replace her
> with another woman whom the employer hopes will meet his (higher)
> expectations for female employees.

*Pivirotto v. Innovative Systems, Inc.*, 191 F.3d 344, 354 (3d Cir. 1999).  Here,

however, no such evidence of higher standards for women with respect to position

two exists.    Thus, summary judgment is due to be granted on the gender

discrimination claim arising out of Szerzynski not selecting plaintiff and instead

selecting Ms. Schumacher for position two.[34]

### C.    Retaliation Claim

"Retaliation is a separate violation of Title VII."  *Gupta v. Florida Board of*

*Regents*, 212 F.3d 571, 586 (11th Cir. 2000).  Section 704(a) of Title VII of the Civil

Rights Act of 1964 provides protection for employees who oppose or participate in

activities to correct an employer's discriminatory practices.

> It shall be an unlawful employment practice for an employer to
> discriminate against any of his employees or applicants for employment
> . . . because he [the employee] has opposed any practice made an

---

[34]Although Szerzynski initially selected a Caucasian male, Ronald Strickland, who rejected
the position, nothing in the summary judgment record indicates that this decision was a pretext for
gender discrimination.  Indeed, plaintiff appears to practically concede her argument with respect
to position two, as evidenced by the complete absence of evidence to challenge defendant's stated
reasons for its selection of Strickland, and thereafter, Schumacher.

> unlawful employment practice by this subchapter, or because he has
> made a charge, testified, assisted, or participated in any manner in an
> investigation, proceeding, or hearing under this subchapter.

42 U.S.C. § 2000e-3(a).  Congress thus recognized two predicates for retaliation

claims:  one for *opposition* to discriminatory practices, and another for *participation*

in protected activity.

> Under the opposition clause, an employer may not retaliate against an
> employee because the employee "has opposed any practice made an
> unlawful employment practice by this subchapter." . . . And, under the
> participation clause, an employer may not retaliate against an employee
> because the employee "has made a charge, testified, assisted, or
> participated in any manner in an investigation, proceeding, or hearing
> under this subchapter."

*Equal Employment Opportunity Commission v. Total System Services, Inc.*, 221 F.3d

1171, 1174 (11th Cir. 2000) (citations omitted).

Generally speaking, a plaintiff must prove three elements to establish a *prima*

*facie* case of retaliation:  (1) she engaged in statutorily protected expression;[35] (2) she

suffered an adverse employment action; and (3) there was a causal linkage between

the protected conduct and the adverse employment action.  *See, e.g., Bass v. Board*

*of County Commissioners*, 256 F.3d 1095, 1117 (11th Cir. 2001) (Title VII); *Johnson*

*v. Booker T. Washington Broadcasting Service, Inc.*, 234 F.3d 501, 507 (11th Cir.

---

[35]"Statutorily protected expression includes filing complaints with the EEOC and
complaining to superiors about sexual harassment." *Johnson v. Booker T. Washington Broadcasting*
*Serv.*, 234 F.3d 501, 507 (11th Cir. 2000) (citing *Rollins v. State of Fla. Dept. of Law Enforcement*,
868 F.2d 397, 400 (11th Cir.1989)).

2000) (Title VII); *Brungart v. BellSouth Telecommunications, Inc.*, 231 F.3d 791, 798 (11th Cir. 2000) (FMLA); *Gupta v. Florida Board of Regents*, 212 F.3d 571, 587 (11th Cir. 2000) (Title VII); *Farley v. Nationwide Mutual Insurance Co.*, 197 F.3d 1322, 1336 (11th Cir. 1999) (ADA); *Olmsted v. Taco Bell Corp.*, 141 F.3d 1457, 1460 (11th Cir. 1998) (Title VII); *Wideman v. Wal-Mart Stores, Inc.*, 141 F.3d 1453, 1454 (11th Cir. 1998) (Title VII); *Little v. United Technologies*, 103 F.3d 956, 959 (11th Cir. 1997) (Title VII); *Meeks v. Computer Associates International*, 15 F.3d 1013, 1021 (11th Cir. 1994) (Title VII); *Goldsmith v. City of Atmore*, 996 F.2d 1155, 1163 (11th Cir. 1993) (Title VII and § 1981).

Defendant first argues that he is entitled to summary judgment because plaintiff cannot maintain a prima facie case. Defendant maintains that plaintiff cannot show the decision maker, Szerzynski, had knowledge of any prior protected activity before the dates on which selections for position one and position two occurred. Therefore, there is no causal connection between any protected activity and plaintiff not being selected for the two positions. The court agrees.

Plaintiff's retaliation claims are based upon her *current* notoriety at Redstone Arsenal as an outspoken opponent of discrimination. Plaintiff maintains that she has been blacklisted and that her career is over. Her general allegations will not suffice to defeat summary judgment. The only evidence she submits to defeat summary

21

judgment on her retaliation claims is contained in Plaintiff's Exhibits 3, 4 and 5.

Plaintiff's Exhibit 3 is an excerpt from the administrative proceeding occurring on

February 9, 2000, where plaintiff's supervisor, Michael McFalls, testified that he

informed plaintiff at a March 25th meeting that she had been blacklisted. There is no

indication of the year of that meeting, or the context of the conversation and the job

positions affected by the blacklisting. The court cannot speculate as to those facts.

Plaintiff's Exhibit 4 is a declaration from Steve Tiwari, signed on July 2, 2003, under

penalty of perjury. Tiwari is a supervisory employee at Redstone Arsenal. Tiwari

states, in relevant part:

> One of the employees I supervise is Mark Umansky. Last summer, Mr.
> Umansky and I had a conversion [sic] about Dr. Clara Denise West. He
> told me that I should stay away from her, that she files more EEO
> complaints than she does work and that she was nothing but a
> troublemaker. He also told me that I should avoid the Redstone Arsenal
> Minority Employees Association, of which Dr. West is president. He
> admitted that he did not know Dr. West personally and told me that the
> information is based upon what he had heard only.[36]

This declaration merely establishes that plaintiff's reputation was established in the

summer of 2002. Plaintiff applied in October 1999 for the positions at issue in the

present lawsuit, however. This declaration also fails to establish that Szerzynski was

aware of plaintiff's reputation at the time he made his selections for the two positions.

---

[36]Tiwari Declaration, attached as Exhibit 4 to Plaintiff's Evidentiary Submission (doc no. 13)..

Plaintiff's Exhibit 5 is the declaration of Abner Merriweather, signed on July 10, 2003, under penalty of perjury. Merriweather is an employee at Redstone Arsenal, and is a candidate for president of a local union. Merriweather states that he has engaged in conversations with fellow employees "who were told that Dr. West was a 'troublemaker' and to stay clear of RAM (sic) [Redstone Arsenal Minority Employees Association]."[37] Setting aside the hearsay nature of this declaration (as well as that of Tiwari discussed earlier), it is once again unspecific as to *who* made the statements and the *dates* on which the statements were made. Therefore, the declaration offers nothing to support plaintiff's retaliation claim.

At best, plaintiff's evidence reflects that she has developed a reputation for opposing discrimination *after* she filed a discrimination charge following the selection of Lail and Schumacher for the two positions she applied for in October 1999. In the present action she has failed to establish that the reason she was not selected for Chief of the Test Division or Chief of Missile Systems Division was because of retaliation. As plaintiff fails to establish a causal connection, summary judgment is due to be granted.

Alternatively, defendant argues that plaintiff cannot show that its legitimate, nondiscriminatory reasons for not selecting plaintiff for the two positions were a

---

[37]Merriweather Declaration at 1, attached as Exhibit 5 to Plaintiff's Evidentiary Submission.

pretext for retaliation.  Once a plaintiff makes out a *prima facie* case of retaliation, "'the burden shifts to the defendant to rebut the presumption of retaliation by producing legitimate reasons for the adverse employment action.'  If the defendant offers legitimate reasons, the presumption of retaliation disappears.  The plaintiff must then show that the employer's proffered reasons for taking the adverse action were actually a pretext for prohibited retaliatory conduct."  *Sullivan v. National Railroad Passenger Corp.*, 170 F.3d 1056, 1059 (11th Cir.1999) (quoting *Raney v. Vinson Guard Service*, 120 F.3d 1192, 1196 (11th Cir.1997)) (citation omitted), *cert. denied*, 528 U.S. 966, 120 S. Ct. 402, 145 L. Ed. 2d 314 (1999)); *see also, e.g., Holifield v. Reno*, 115 F.3d 1555, 1566 (11th Cir. 1997).  In determining pretext, the court must evaluate whether the plaintiff has demonstrated "such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that reasonable factfinder could find them unworthy of credence."  *Silvera v. Orange County School Board*, 244 F.3d 1253, 1258 (11th Cir.) (citation and internal quotation marks omitted), *cert. denied*, 534 U.S. 976, 122 S. Ct. 402, 151 L. Ed. 2d 305 (2001).

Assuming plaintiff could establish a prima facie case of retaliation, the court agrees with defendant that plaintiff has failed to submit any evidence that its stated reasons were pretextual.  As plaintiff's evidentiary submission is devoid of evidence

24

to establish pretext, defendant's motion for summary judgment on this alternative ground is due to be granted.

## IV. CONCLUSION

In light of the foregoing, the motion for summary judgment will be granted. An order consistent with this memorandum opinion will be entered contemporaneously herewith.

DONE this ___5<u>th</u>___ day of May, 2004.

_____
United States District Judge

25